IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAVID L. R.,

                    Plaintiff,

          v.                                    Civil Action No.
                                                5:20-CV-0988 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP                     HOWARD D. OLINSKY, ESQ.
250 South Clinton Street, Suite 210
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.                JAMES J. NAGELBERG, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE


DECISION AND ORDER[1]

_____

[1]      This matter is before me based upon consent of the parties, pursuant to 28
U.S.C. § 636(c).

Plaintiff commenced this proceeding, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to challenge a determination of the Commissioner of Social Security ("Commissioner") finding that he was not disabled at the relevant times and, accordingly, was ineligible for the benefits for which he applied. Following briefing, judgment was entered remanding this matter to the agency for further proceedings.  Based upon that determination, plaintiff now applies for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Although the Acting Commissioner does not contest that plaintiff is entitled to recover attorney's fees and costs under the EAJA, she opposes the amount sought in plaintiff's motion and seeks a reduction of that amount on several grounds. For the reasons set forth below, while plaintiff's application is granted, I have reduced the amount sought.

I.    BACKGROUND

Plaintiff commenced this action on August 12, 2020.  In his complaint, plaintiff challenged a determination of the Acting Commissioner, based upon a finding by an administrative law judge ("ALJ") that he was not disabled at the relevant times, and accordingly not entitled to receive benefits.  In accordance with the court's protocol, as set forth in General Order No. 18, once issue was joined, the matter was considered as if

2

cross-motions for judgment on the pleadings had been filed pursuant to

Ruled 12(c) of the Federal Rules of Civil Procedure.

After carefully and thoroughly reviewing the parties' submissions and

the record before the court, on October 14, 2021, I issued a decision by

text order in which, after applying the requisite deferential standard of

review, I found that error existed in the ALJ's decision and, accordingly,

remanded to the agency for further proceedings and without a directed

finding of disability.  Dkt. No. 22.

On January 7, 2022, plaintiff, through his attorney, filed a motion

seeking recovery of attorney's fees pursuant to the EAJA.  Dkt. No. 24.

Plaintiff's counsel seeks compensation for 44.1 hours of attorney work,

calculated at an hourly rate of $ 209.54; and 9.8 hours of paralegal work, to

be paid at a rate of $100 per hour, for a total of $10,220.71.[2]

III.   DISCUSSION

The EAJA provides, in relevant part, as follows:

> [A] court shall award to a prevailing party . . .
> fees and other expenses . . . incurred by that
> party in a civil action, including proceedings for
> judicial review of agency action . . . brought by
> or against the United States in any court having
> jurisdiction of that action, unless the court finds

---

[2]      In his reply, plaintiff increased the amount sought by $775.30 to include time spent preparing his reply in response to the Acting Commissioner's opposition for this motion, for a total of $10,996.01.  Dkt. No. 28.

> that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  To qualify for recovery under the EAJA, a plaintiff must demonstrate that (1) he is a prevailing party; (2) he is eligible to receive an award; and (3) the position of the United States was not substantially justified.  28 U.S.C. § 2412(d)(1)(B); *see also Smith v. Astrue,* 10-CV-0053, 2012 WL 3683538, at *1 (N.D.N.Y. Aug. 24, 2012) (Suddaby, J.); *Coughlin v. Astrue*, 06-CV-0497, 2009 WL 3165744, at *1 (N.D.N.Y. Sept. 28, 2009) (Mordue, J.).  In addition, he must submit an itemized statement from the attorney appearing on his behalf detailing the time expended and the rates at which the fee request is calculated.  *Id.*  In the event that a plaintiff satisfies these criteria, his EAJA request may nonetheless be denied upon a finding of special circumstances making an award unjust.  28 U.S.C. § 2412(d)(1)(A); *See also Coughlin*, 2009 WL 3165744, at *3.

In her opposition to plaintiff's motion, the Acting Commissioner first and foremost argues that the fees sought are excessive because the court remanded based on an issue independently identified by the Acting Commissioner rather than any of the issues identified by the plaintiff.  Dkt. No. 25, at 3-4.  Plaintiff, in reply, argues that the court did not remand

solely based on the Acting Commissioner's argument, but rather based upon the errors identified by plaintiff.  Dkt. No. 28, at 1-3.

As to the basis for remand, the Acting Commissioner is correct.  This matter was remanded based on the Acting Commissioner's concession that there existed an error meriting remand due to the absence from the record of any Veteran's Administration ("VA") disability determinations despite the ALJ's statement that she had considered such decisions.  Plaintiff argues that this could not have been the basis for the remand because the record contains both notations regarding plaintiff's service-related disability ratings and the "C&P evaluations" that formed the basis for those ratings.  Dkt. No. 28, at 2.  However, although it is true that the record contains notations of the disability ratings and evaluations that may have informed the formulation of those ratings, plaintiff does not challenge that the actual determinations of the VA related to those ratings are absent from the record.  It is simply not clear that the C&P evaluation provided the *only* basis for the VA's ultimate ratings determination, nor is it apparent what specific sources or evidence the VA relied on when formulating its determinations.

In support of his argument relating to failing to afford any specific weight to a VA determination, plaintiff cites *Blessing v. Colvin*, 14-CV-1489,

2015 WL 7313401 (N.D.N.Y. Nov. 19, 2015) (Suddaby, C.J.), which is distinguishable.  Specifically, in that case, the court was able to determine that the ALJ considered – and rejected – the evidence on which the VA relied when formulating its disability rating because the actual VA determinations were before the ALJ for consideration.  *Blessing*, 2015 WL 7313401, at *10.  In this case, those determinations were not before the ALJ and it is therefore not entirely apparent exactly on what evidence the VA based its disability rating determinations.  It is not clear that the ALJ here did in fact "fully consider[] the underlying evidence for the VA's determination" as was the basis for the court's finding of harmless error in failing to weigh the VA ratings in *Blessing.  Blessing*, 2015 WL 7313401, at *10.

Although it may be the case that the VA disability ratings were based on the C&P evaluations and the ALJ did indeed fully consider the supporting evidence underlying those ratings, such fact is simply not clear from the record before the ALJ given that there is no indication that the ALJ had the determinations to inform her what evidence the VA relied upon when formulating plaintiff's disability ratings.  This ambiguity prevents meaningful review of the ALJ's findings, and it was on that basis that I found remand was warranted.

Because plaintiff did not raise the issue of the absence of the VA determinations in his brief, the remand was based on an issue that was independently raised by the Acting Commissioner and was not based on plaintiff's own arguments.  I must therefore decide whether that fact merits a finding that plaintiff's requested fee is unreasonable.[3]

As the Acting Commissioner noted, "[w]here counsel's time is 'expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing part[y] rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just.'"  *Quinn v. Astrue*, 06-CV-1303, 2008 WL 5234300, at *3 (N.D.N.Y. Dec. 15, 2008) (Sharpe, J.) (quoting *United States v. 27.09 Acres of Land*, 43 F.3d 769,773 (2d Cir. 1994)); *see Hill v. Comm'r of Soc. Sec.*, 14-CV-9665, 2017 WL 5632813, at *3 (S.D.N.Y. July 28, 2017) (noting cases in which courts denied fees pursuant to EAJA where the work of the plaintiff's counsel did not provide the basis for the court's remand, but ultimately finding them distinguishable because the court remanded on two bases, one of which

---

[3]     I note that the Acting Commissioner does not argue that plaintiff should be entitled to no fees even if I find – as I indeed do – that the remand was based on reasons other than those asserted by plaintiff.  Rather, the Commissioner instead requests a reduction to an award based on 20 hours of expended time.  Dkt. No. 25, at 2.

had been raised and briefed by the plaintiff), adopted by 2017 WL 5634679

(S.D.N.Y. Nov. 21, 2017).  In determining whether an EAJA fee reduction is

appropriate, "'the most critical factor is the degree of success obtained.'"

*Healey v. Leavitt*, 485 F.3d 63, 72 (2d Cir. 2007) (quoting *Hensley v.*

*Eckerhart*, 461 U.S. 424 (1983)) (finding no abuse of discretion in the

court's decision to reduce the plaintiff's fee to reflect their limited success in

the litigation as a whole where the plaintiff devoted considerable time to

their unsuccessful claim).

      Plaintiff's arguments on this point are unavailing.  He points to cases

supporting the principle that fees should not be reduced where the plaintiff

has achieved "substantial relief" and that obtaining a remand for further

proceedings even if he requested remand for calculation of benefits still

constitutes substantial relief.  Dkt. No. 28, at 2-3.  Plaintiff's argument

ignores the fact that the remand for further proceedings that was granted

was not based on any argument he made, but rather solely on an issue

identified by the Acting Commissioner.  Therefore, although the plaintiff

himself received substantial relief on his claim, that relief cannot be said to

be a significant product of his counsel's efforts.  Additionally, this is not a

case where the court rejected some of the plaintiff's claims, but ultimately

adopted others. *See Hill*, 2017 WL 5632813, at *3.  Because the remand

was based solely on an issue not raised by plaintiff, I find that a reduction in the requested award is warranted.

In considering the amount of reduction that is warranted under the circumstances, I note that, out of the 44.1 attorney hours claimed, 28.5 of those are noted to be related to reviewing the administrative record, taking notes, and drafting non-substantive portions of plaintiff's brief, while 8.5 were related to formulating the arguments asserted in that brief, for a total of 37 hours.  Dkt. No. 24-4, at 2.  Because plaintiff's arguments did not constitute the basis for remand, I find that the 8.5 hours specifically claimed to be related to the writing of those arguments should be excluded.  I also note that one of plaintiff's time entries, which totals 9.3 hours, is reported to be for "[f]inish[ing] review of [certified administrative record], drafting procedural section, and drafting facts."  Because plaintiff's brief did not result in the remand in this case, I find the hours writing the procedural and factual sections of that brief should also be excluded. However, it is not clear what portion of this time was spent reviewing the record and what was dedicated to writing prefatory material for plaintiff's brief.  Because plaintiff has failed to specify how much of this entry was spent specifically on which of these tasks, I find that this whole entry should be excluded,

reducing the amount of compensable attorney time to 26.3 hours.[4]

The Acting Commissioner also objects to certain specific entries that she believes are non-reimbursable clerical tasks.  It is accepted in this district, and in other districts within the Second Circuit, that "[c]ourts may also reduce entries if the . . . entries relate to clerical tasks," regardless of who performs those tasks.  *Coughlin v. Astrue*, 06-CV-0497, 2009 WL 3165744, at *2 (N.D.N.Y. Sept. 28, 2009).  However, I acknowledge that the case law regarding which specific tasks are classified as clerical and which are not is far from uniform, with conflicting findings from case to case and very little explanation regarding the underlying rationale for each court's categorization of certain activities as clerical or not.

One recent case from the Southern District of New York provides some helpful elucidation, the court finding in that matter that tasks such as "scan to file," "diary briefing schedule due dates," and preparing a cover sheet and table of contents are "clearly clerical," while tasks such as

---

[4]    Although even the remaining 19.2 hours known to be attributable to plaintiff's review of the record is a significant amount of time to spend reviewing an administrative transcript under general circumstances, I note that, in this case, the administrative transcript was comprised of 3,426 pages, 3,080 of which were medical records.  Based on the size of the record, I cannot say that that amount is excessive for the purposes of this motion.  *See Diaz Sanjurjo v. Colvin,* 14-CV-0085, 2016 WL 1611122, at *2-3 (N.D.N.Y. Apr. 21, 2016) (Hurd, J.) (acknowledging that the size of the administrative transcript is a factor when considering whether to grant a request for attorney's fees that is greater than average) (collecting cases).

preparing a procedural or factual background for a memorandum of law,

preparing an evidence summary for a memorandum of law, and reviewing

or revising motion papers represent more substantive work. *Finch v. Saul*,

17-CV-0892, 2020 WL 1940308, at *6 (S.D.N.Y. Apr. 22, 2020).  Overall,

review of the relevant case law suggests that clerical tasks are those that

require little or no performance of substantive legal tasks, while non-clerical

tasks are those that involve some aspect of legal work, whether performed

by a lawyer or other source.

     With this definition in mind, I find that the challenged entries related to

preparing the representation contract and reviewing court orders are

compensable, while the entries for receiving/reviewing/processing initial

files from another department within plaintiff's law firm to prepare them for

attorney review, and for processing/formatting/bookmarking the

administrative transcript are not.  The first set of these tasks requires some

measure of substantive legal work, while the second set are essentially

processing documents without any substantive work involved.  As a result, I

find that 4 of the challenged hours should be excluded, all of which are

paralegal time.

     I therefore find that plaintiff is entitled to be compensated for 26.3

hours of attorney time and 5.8 hours of paralegal time related to his initial

application, with an additional 3.7 hours of attorney time related to the

preparation of plaintiff's reply brief related to this EAJA motion.  *Trichilo v.*

*Sec'y of Health & Human Servs.*, 823 F.2d 702 (2d Cir. 1987).  As a result,

plaintiff is entitled to recover fees for 30 hours of attorney time at a rate of

$209.54 per hour, and 5.8 hours of paralegal time at a rate of $100 per

hour, for a total of $6,866.20.[5]

IV.   SUMMARY AND ORDER

Based on the foregoing and his application, plaintiff is hereby

awarded a total of $6,866.20, representing compensation for 30 hours of

attorney work to be paid at a rate of $209.54 per hour, and 5.8 hours of

paralegal work to be paid at a rate of $100 per hour.  It is therefore hereby

ORDERED that plaintiff's motion for recovery of attorney's fees under

the EAJA (Dkt. No. 25) is GRANTED in part; and it is further

ORDERED that plaintiff is awarded attorney's fees, pursuant to the

EAJA, in the amount of $6,866.20, to be payable to plaintiff's attorney,

subject to offset for any qualifying debt plaintiff may be found to owe.

Dated:      March 9, 2022
             Syracuse, NY
                                        DAVID E. PEEBLES
                                        U.S. Magistrate Judge

---

[5]      The Commissioner has not raised any challenge to the hourly rates requested by
plaintiff, and I see no indication that these rates are unreasonable.